

**S. MARTIN TEEL, JR.**
**U.S. BANKRUPTCY JUDGE**
SITTING BY DESIGNATION

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
# at Greenbelt

```
IN RE:                             :
                                   :
HENRY ALLEN ZINN,                  :   Case No. 13-14270-LSS
                                   :      (Chapter 13)
         Debtor.                   :
_____:
HENRY ALLEN ZINN,                  :
                                   :
         Plaintiff,                :
                                   :
   vs.                             :   Adversary Proceeding
                                   :   No. 13-00708-LSS
MORTGAGE LENDER OF AMERICA         :
AND COMPANY, INC., et al.,         :
                                   :   Not for publication in West's
                                   :   Bankruptcy Reporter.
         Defendants.               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
```

### MEMORANDUM DECISION AND ORDER RE FLAGSTAR'S MOTION TO DISMISS CROSS CLAIM ASSERTED BY JOSEPH AND BILLIE JOE ZINN

Flagstar Bank, FSB ("Flagstar") seeks a dismissal under Fed. R. Civ. P. 12(b)(6) of the cross claim asserted against it by Joseph and Billie Joe Zinn in their *Counterclaim, Cross Claim, and Third Party Complaint* (Dkt. No. 136). That *Counterclaim, Cross Claim, and Third Party Complaint* asserts only one cross claim directed against Flagstar: in Count VIII, a cross claim for

statutory mortgage fraud under the Maryland Mortgage Fraud Protection Act ("MMFPA"), Md. Code Ann., Real Prop. §§ 7-401 *et seq.* The claim relates to a deed of trust recorded in 2012 (the "*Altered Henry Deed of Trust*"), the history of which is documented below.

I

FACTS

The cross claim's well pled facts are treated as true for purposes of determining whether the cross claim states a claim upon which relief can be granted. In 2008, Mortgage Lenders of America and Company, Inc. ("Mortgage Lenders") lent $401,000 to Henry Zinn--the debtor in the bankruptcy case underlying this adversary proceeding and Joseph's father--as part of a series of transactions between the Zinns and various corporate entities the court will refer to as the "refinancing transactions."[1] Henry executed a deed of trust (the "*Henry Deed of Trust*") that designated an unimproved parcel of land (the "Additional Parcel") as collateral for the $401,000 loan. The Additional Parcel adjoined another parcel (the "Original Parcel") upon which Henry

---

[1] Joseph's and Billie Joe's cross claims are included in Dkt. No. 136 after their answer to an intervenor's complaint (Dkt. No. 68). They admit the first sentence of paragraph 23 of the intervenor's complaint, which alleges that "[o]n or about February 27, 2008, Henry Zinn obtained a loan from Mortgage Lenders of America in the amount of $401,000.00 (the 'MLA Loan')."

has a residence, and upon which Joseph and Billie Joe also have a residence.

When entering into the 2008 refinancing transactions, the three Zinns understood that the only collateral for the loan to Henry was to be five acres of the Original Parcel surrounding Henry's residence thereon ("Parcel 1").  When Henry executed the deed of trust for his $401,000 loan he was unaware that the Additional Parcel was designated as collateral for the loan.  The ultimate use of the Additional Parcel as collateral for Henry's loan was contrary to the agreement between the Zinns and Mortgage Lenders regarding the collateral to be posted.

Later in 2008, an attorney for the Zinns wrote to Flagstar and other entities involved in the loan transactions requesting, *inter alia*, that the mistake in the collateral listed in the *Henry Deed of Trust* be rectified.  In 2012, the *Altered Henry Deed of Trust* securing Henry Zinn's loan was filed in the Montgomery County, Maryland land records.  The instrument states that "the document is being re-recorded to correct the legal description which was incorrectly stated previously," lists Henry as the Borrower, and adds the legal description of the entire Original Parcel, in addition to the Additional Parcel, as collateral.  The entire Original Parcel was never intended to be collateral for the $401,000 loan to Henry.  None of the Zinns consented to or authorized the recordation of the *Altered Henry*

3

*Deed of Trust*. The cross claim alleges at paragraph 35 that the *Altered Henry Deed of Trust,* which Joseph and Billie Joe call the "Fraudulent DOT" throughout their cross claim, adversely affects Joseph's and Billie Joe's title to their property, resulting in damages to them.[2]

The cross claim's prayer for relief seeks (as to all counts) "compensatory, statutory, and punitive damages in an amount not yet quantified but to be proven at trial, but not less than $1,000,000.00; such other amounts to be proven at trial; an award of three times the amount of actual damages sustained; costs and attorneys' fees."

---

[2] Prior to the refinancing transactions involving the 2008 loan to Henry, Joseph and Henry had jointly owned the Original Parcel. Incident to the refinancing transactions, through which Henry received one loan and Joseph and Billie Joe received another, Joseph and Billie Joe executed a quitclaim deed transferring any interest of Joseph and Billie Joe in the Original Parcel to Henry, such that Henry is now the only owner of record of the entire Original Parcel, on which both residences sit. Although Henry, Joseph, and Billie Joe agree that they had not intended that the quitclaims incident to the refinancing transactions would cause Joseph to lose his entire interest in the Original Parcel, Henry never executed a deed reconveying to Joseph a joint interest in the Original Parcel. It does not appear that Billie Joe ever had an interest in the Original Parcel, but Flagstar has not sought dismissal as to Billie Joe's claims on that basis.

II

COUNT VIII IS NOT AN ADEQUATELY PLED
STATUTORY MORTGAGE FRAUD CLAIM.

Joseph and Billie Joe have not adequately pled that Flagstar played a role in the preparation and recording of the *Altered Henry Deed of Trust*. Paragraph 80 of the cross claim alleges:

> The Fraudulent DOT was prepared by or at the behest of [Mortgage Lenders] and/or Flagstar and [Cohn, Goldberg and Deutsch, LLC], and recorded by [Mortgage Lenders] and or Flagstar. In addition, the Fraudulent DOT was used by both Flagstar and [Cohn, Goldberg and Deutsch, LLC] as the basis for a foreclosure sale of the Original Parcel. The Fraudulent DOT contains knowing and deliberate misstatements, misrepresentations, and/or omissions.

Claims asserting fraud in violation of Maryland's Mortgage Fraud Protection Act ("MMFPA"), Md. Code Ann., Real Prop., §§ 7-401 *et seq.*, are subject to the heightened pleading standard for claims of fraud prescribed in Fed. R. Civ. P. 9(b). *See Maheu v. Bank of Am., N.A.*, No. 12-cv-508, 2012 WL 1744536, at *4 (D. Md. 2012). Under Fed. R. Civ. P. 9(b), in alleging fraud, "knowledge . . . may be alleged generally" but "a party must state with particularity the circumstances constituting fraud[.]" The allegation that the *Altered Henry Deed of Trust* "was prepared by or at the behest of [Mortgage Lenders] and/or Flagstar and [Cohn, Goldberg and Deutsch, LLC], and recorded by [Mortgage Lenders] and or Flagstar" fails to satisfy the Fed. R. Civ. P. 9(b)

5

requirement of particularity.[3]  *See Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (holding that RICO allegations that defendants were "'acting in concert with [two defendants]'" and "'knew that [the two defendants] were making . . . false statements'" were insufficient as a matter of law to satisfy Rule 9(b)); *S.E.C. v. U.S. Envtl., Inc.*, 82 F.Supp.2d 237, 241 (S.D.N.Y. 2000) (stating that a plaintiff cannot satisfy Rule 9(b) "by making vague allegations about the defendants as a unit").

Moreover, to state a claim under the MMFPA, a plaintiff must plead the elements of a common law fraud claim.  *Galante v. Ocwen Loan Servicing LLC*, No. ELH-13-1939, 2014 WL 3616354, at *28 (D. Md. July 18, 2014).  To state a common law claim of fraud, the plaintiff must allege a misrepresentation made by the defendant with the deliberate intent to deceive the plaintiff, and the plaintiff's reliance thereon.  *VF Corp. v. Wrexham Aviation Corp.*, 715 A.2d 188, 193 (Md. 1998).  The cross claim fails to plead those elements of fraud, and the facts pled are inconsistent with at least some of those elements.

---

[3]  Particularity is important because the allegations are too vague to establish what role, if any, Flagstar played with respect to the *Altered Henry Deed of Trust*.  Indeed, contrary to the allegations of the cross claim, other pleadings in this adversary proceeding represent that Flagstar was only a loan servicer at the time the *Altered Henry Deed of Trust* was filed. If Flagstar was only a loan servicer, it ordinarily would not be involved in correcting an error in the *Henry Deed of Trust*.

When the *Altered Henry Deed of Trust* was recorded in October 2009, Joseph and Billie Joe were well aware that Henry had not intended to offer the entirety of the Original Parcel to serve as collateral for the loan to him, and that all of the Zinns had contemplated and understood that only the five acres surrounding Henry's home, Parcel 1, was to serve as collateral for the loan to Henry.  The Zinns' attorney had previously written to Flagstar in 2008, noting the errors in the refinancing transactions and asking that they be rectified.

Accordingly, Flagstar was aware of the Zinns' problems with the *Altered Henry Deed of Trust* when it sought to enforce that instrument by recording it and it is unlikely that Flagstar recorded that instrument with an intent to deceive Joseph and Billie Joe as to its validity.  In any event, Joseph and Billie Joe could not have relied on the representation of the *Altered Henry Deed of Trust* that the entire Original Parcel was intended to be collateral for the loan because it was a representation they knew was false.  *See Blackston v. Seterus, Inc. (In re Blackston)*, 557 B.R. 858, 873 (Bankr. D. Md. 2016) (rejecting an MMFPA claim because the plaintiff "fail[ed] to establish reliance, since he contend[ed] he continually disputed that the Escrow Waiver had been revoked").

The cross claim against Flagstar for "mortgage fraud" under the MMFPA must therefore be dismissed.  Curing the lack of

particularity will add nothing to the MMFPA claim as it is evident from the facts that Joseph and Billie Joe could not have relied on any misrepresentations by Flagstar and were thus not defrauded by Flagstar.  Accordingly, leave to amend the MMFPA claim will not be granted.

## III

COUNT VIII CANNOT SURVIVE AS A CLAIM FOR SLANDER OF TITLE.

In Count XI, Joseph and Billie Joe assert against defendants *other than Flagstar* a claim for slander of title based on the recording of the quitclaim deeds.  Joseph and Billie Joe have not argued that Count VIII, despite being labeled an MMFPA claim, should survive as a claim for slander of title arising from the recording of the *Altered Henry Deed of Trust*.  For the following reasons, Count VIII does not adequately plead a claim for slander of title.

In Maryland, a cause of action for slander of title "may consist of the publication of matter derogatory to the plaintiff's title to his property . . . of a kind calculated to prevent others from dealing with him, or otherwise to interfere with his relations with others to his disadvantage."  *Beane v. McMullen*, 291 A.2d 37, 49 (Md. 1972) (quoting Prosser, *Law of Torts* 919-22 (4th ed. 1971)).  Further, "the plaintiff must establish [the filing's] falsity as a part of his cause of

8

action." *Id.*[4]  Moreover, in all cases the plaintiff must establish that the plaintiff has "suffered special damage." *Id.*

Joseph and Billie Joe have not adequately identified Flagstar as the entity that filed the *Altered Henry Deed of Trust*. Flagstar succeeded to Mortgage Lenders' rights via an assignment of the *Altered Henry Deed of Trust*. However, if Mortgage Lenders (the original lender on the $401,000 refinancing loan to Henry) was the entity that filed the *Altered Henry Deed of Trust*, Flagstar cannot be held liable for that act. *See Nissen Corp. v. Miller*, 594 A.2d 564 (Md. 1991) (setting forth the general rule of nonliability of a successor entity, a rule for which none of the exceptions are applicable here). Accordingly, if Mortgage Lenders was the entity that filed the *Altered Henry Deed of Trust*, Flagstar cannot be held liable for any damages or continuing detrimental impact flowing to Joseph and Billie Joe from Mortgage Lender's filing of the *Altered Henry Deed of Trust*.

Further, Joseph and Billie Joe have not pled in their cross claim how the *Altered Henry Deed of Trust* caused others not to deal with them, interfered with their relations with others, or

---

[4] As discussed in Parts III(D)-(E) of the *Memorandum Decision re Flagstar's Motion to Dismiss* (also issued by the court on this date), if the doctrine of equitable subrogation applies in Flagstar's defense, there was no falsity; also, if the tort of slander of title requires an intention wrongfully to interfere with title, a good faith belief that equitable subrogation applies might be a defense.

caused them special damage.  Accordingly, Count VIII would have to be dismissed even it were re-labeled a claim for slander of title.  *See Powell v. Countrywide Bank*, No. PX-16-1201, 2016 WL 5815884, at *7 (D. Md. Oct. 4, 2016).[5]  In addition, the *Altered Henry Deed of Trust* was recorded on February 2, 2012 and Joseph and Billie Joe did not file their cross claim until May 5, 2015, more than three years later.  Flagstar would be entitled to seek to invoke the statute of limitations as a defense to any slander of title claim based on the filing of the *Altered Henry Deed of Trust*.[6]

---

[5] However, specific damages could potentially be pled in an amended claim.  For example, in their opposition to Flagstar's motion to dismiss their cross claim against Flagstar, Joseph and Billie Joe note: 1) that they have incurred substantial attorney's fees in defending and prosecuting the claims alleged in this case, and will be entitled to reimbursement of those fees as an element of damages, according to *Hauk v. LVNV Funding, LLC*, 749 F. Supp.2d 358 (D. Md. 2010); and 2) that they have retained experts who will provide opinions as to the specific amount of their actual damages.

[6] There is also an issue of standing because, as a result of the quitclaim deeds executed during the 2008 refinancing transactions, neither Joseph nor Billie Joe had an interest of record in the Original Parcel when the *Altered Henry Deed of Trust* was filed in 2012.  Joseph and Billie Joe allege that, incident to the refinancing transactions in 2008, they executed the quitclaim deed that was prepared by another entity and, unbeknownst to them, divested them of any interest in the Original Parcel.  *See* Dkt. No. 138, at ¶¶ 26-28.  This result was neither intended nor directed by the Zinns.  If Joseph and Billie Joe are entitled to have the quitclaim deed regarding their share of the Original Parcel treated as void and set aside, they have a stake in the Original Parcel and arguably have standing to bring a claim for slander of title arising from the filing of the *Altered Henry Deed of Trust*.

In that light, because Count VIII does not state a valid mortgage fraud claim and cannot survive as a claim for slander of title, Joseph and Billie Joe's cross claim against Flagstar must be dismissed.  In their opposition to Flagstar's motion to dismiss, Joseph and Billie Joe seek leave to amend their cross claim if it is found deficient.  In light of the foregoing, I will require that any such request be made by a motion for leave to amend.  Thus, I will dismiss the cross claim against Flagstar but with leave to file a motion for leave to amend Count VIII, with any such motion to include a copy of the proposed amendment.  Flagstar will then have an opportunity to respond to such a motion for leave to amend.

IV

FLAGSTAR'S EQUITABLE SUBROGATION DEFENSE
CANNOT FORM THE BASIS OF A RULE 12(b)(6) MOTION.

Flagstar defends against Joseph and Billie Joe's cross claim by contending that the doctrine of equitable subrogation entitled it to a lien on the Original Parcel, and thus the filing of the *Altered Henry Deed of Trust* did not injure Joseph and Billie Joe.  For reasons explored in a decision of this date addressing Flagstar's motion to dismiss certain parts of Henry's Third Amended Complaint, equitable subrogation may (or may not) have made the filing of the *Altered Henry Deed of Trust* a valid act, but that is a defense that cannot be the premise for a Rule 12(b)(6) motion to dismiss.

11

Joseph and Billie Joe may have defenses against Flagstar's invocation of the doctrine of equitable subrogation.  However, I reject the contention of Joseph and Billie Joe that equitable subrogation could not apply to them because they were not in contractual privity with Flagstar.  The doctrine of equitable subrogation does not depend upon privity of contract.  Equitable subrogation "is independent of any contractual relations between the parties."  *Pearlman v. Reliance Ins. Co.*, 371 U.S. 132, 137 n.12 (1962) (quoting *Memphis & L.R.R. Co. v. Dow*, 120 U.S. 287, 301—02 (1887)).  Accordingly, no privity of contract is required for the doctrine to apply.  *See Dow Chem. Corp. v. Weevil-Cide Co.*, 897 F.2d 481, 485 (10th Cir. 1990) ("Equitable subrogation depends upon no contract or privity.") (internal quotation marks and citation omitted); *D.C. v. Aetna Ins. Co.*, 462 A.2d 428, 431 (D.C. 1983); *Rud. Degermark A.-B. v. Monarch Silk Co.*, 85 F. Supp. 535, 536 (E.D. Pa. 1949); *In re Fischer*, 184 B.R. 41, 43 (Bankr. M.D. Tenn. 1995).  The loan to Henry was in fact used to pay off a lien of Severn Savings Bank that encumbered the Original Parcel, and Flagstar's lack of contractual privity with Joseph and Billie Joe would not be a basis for barring Flagstar's invocation of equitable subrogation.

IV

ORDER

In accordance with the foregoing, it is

ORDERED that the *Motion to Dismiss* (Dkt. No. 177) filed by Flagstar Bank, FSB, is GRANTED.  It is furhter

ORDERED that the cross claim asserted by Joseph and Billie Joe Zinn against Flagstar Bank, FSB, in Count VIII of their *Counterclaim, Cross Claim, and Third Party Complaint* (Dkt. No. 136) is DISMISSED, but within 14 days after entry of this order, Joseph and Billie Joe Zinn may file a motion for leave to amend their cross claim against Flagstar Bank, FSB, with any such motion for leave to amend to include a copy of the proposed amended cross claim.

[Signed and dated above.]

Copies to: E-recipients of notice of orders.

END OF ORDER